UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MARCUS CRUMBLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00337-JPH-DLP |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Denying a Certificate of Appealability**

**I.**

Petitioner Marcus Crumble was convicted in 2002 of burglary and carjacking in Marion Superior Court, Case No. 49G03-0112-FB-218312. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that his trial counsel provided ineffective assistance in violation of his Sixth Amendment rights.

The Court issued a show cause order pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court explained that Petitioner's habeas petition appeared barred by the one-year statute of limitations:

> It appears from the habeas petition that Petitioner's one-year limitations period has expired. Petitioner was sentenced on July 19, 2002, and he did not file an appeal. Petitioner did not file a state petition for post-conviction relief until several years later, on May 20, 2011. The one-year limitations period would have expired long before the clock stopped during the pendency of his state post-conviction proceeding. Moreover, Petitioner appears to acknowledge that his petition is untimely, stating that he was unaware of the ability to file a habeas petition under 28 U.S.C. § 2254.

Dkt. 5 at 2. Petitioner was given an opportunity to show cause why his habeas petition should not be dismissed as time-barred, and Petitioner has responded.

1

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

As explained in the Court's show cause order, Petitioner was sentenced on July 19, 2002, and, thirty days later—after the time to appeal expired without Petitioner filing an appeal—his conviction was final. *See Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012). Petitioner did not file a state petition for post-conviction relief until more than eight years later, on May 20, 2011. Although such a petition pauses the "one-year clock," pausing the clock is of no benefit to Petitioner since the one-year period had already expired. *See Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007).

Petitioner resists this conclusion in his response to the Court's show cause order. He argues that the requirements of AEDPA should not apply because the state court's decision to accept his guilty plea was unreasonable under 28 U.S.C. § 2254(d). But the deference to state courts required by § 2254(d) is relevant once the Court reaches the merits of Petitioner's claim. In other words, reasonableness under § 2254(d) is a wholly separate issue from whether a habeas petition is timely under § 2244(d). Because his petition is untimely, the Court does not reach the question of whether any state court decision was reasonable under § 2254(d).

In his habeas petition, Petitioner also suggests he was unaware of the one-year limitation period imposed by AEDPA. The Court construes this as an argument for equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). A lack of awareness of the limitations period is insufficient to meet the second element. *See Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir. 2014) ("[I]t is established that prisoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling."); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("[S]tanding alone, the lack of legal expertise is not a basis for invoking equitable tolling."). Petitioner is thus not entitled to equitable tolling.

**II.**

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds (such as limitations), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." Reasonable jurists could not disagree that Petitioner's habeas petition is barred by the statute of limitations. Therefore, a certificate of appealability is **denied**.

**SO ORDERED.**

Date: 8/19/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARCUS CRUMBLE
947420
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only